**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Telephone: (213) 239-5100

Attorneys for Defendant Move, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKI K. APAYDIN, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>MOVE, INC. d/b/a REALTOR.COM, a Delaware corporation,<br><br>        Defendant. | Case No. 2:25-cv-07905<br><br>**NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Move, Inc. ("Defendant" or "Move") hereby effects the removal of this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from Move, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (providing that Los Angeles County is part of the Central District of California).

**FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. Plaintiff filed this lawsuit in Los Angeles County Superior Court on July 22, 2025. *See* Ex. A (State Court Complaint and Summons). Plaintiff effected service of the Summons and Complaint on Move on July 24, 2025. *See* Ex. B (Proof of Service).

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein. The file includes the Summons and Complaint (Exhibit A), the Proof of Service (Exhibit B), and all other process, pleadings, and orders filed in the state court (Exhibit C).

3. Plaintiff alleges that Defendant has "installed pixels and other tracking technologies developed by third party advertisers"—namely Meta Pixel—on Defendant's website, Realtor.com. Compl. ¶ 4. Plaintiff alleges that Defendant aids and abets third-party providers in collecting web visitors' information, purportedly without their knowledge or consent, in order to show them targeted advertisements. *See id.* ¶¶ 5-6. Based on those allegations, Plaintiff brings a putative class action for violation of the California Invasion of Privacy Act ("CIPA"). *See id.* ¶¶ 52-58.

4. Plaintiff seeks declaratory relief, injunctive relief, statutory damages, punitive damages, and attorney's fees and costs. *Id.* at pp. 12-13 (Prayer for Relief). Plaintiff seeks

these remedies on behalf of a putative class of "[a]ll persons within the state of California who, during the relevant limitations period, visited www.realtor.com and requested or viewed video contents." *Id.* ¶ 41.

<u>**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**</u>

5.      CAFA provides that federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

6.      Under CAFA, there is no presumption against removal to federal court.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Unless a plaintiff challenges removal, an assessment of the amount in controversy is based on the allegations of the complaint, rather than "evidentiary submissions."  *Id.* at 84; *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (noting in a case removed under CAFA that a court must rely on "the allegations contained in the complaint" in determining the amount in controversy).

7.      In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.  "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).  In the event that Plaintiff or the Court challenges the amount in

controversy, Move expressly reserves the right to submit evidence substantiating its allegation that the amount in controversy exceeds $5 million.

**Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous**

8.    Plaintiff purports to bring this action on behalf of a class of "[a]ll persons within the state of California who, during the relevant limitations period, visited www.realtor.com and requested or viewed video contents." Compl. ¶ 41. Plaintiff alleges "[u]pon information and belief, there are thousands of members of the Class." *Id.* ¶ 43. This supports a reasonable inference that the putative class has over 100 members, as CAFA requires. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

9.    CAFA's minimal diversity standard is satisfied when "any member of a class of Plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

10.    Plaintiff is a resident of California. *See* Compl. ¶ 11.

11.    Although Plaintiff alleges that Defendant is "a private corporation headquartered in Santa Clara, California," *id.* ¶ 12, Defendant moved its headquarters to Austin, Texas on February 6, 2025, *see* Ex. D (Press Release: Realtor.com® Makes Austin, Texas Its New Headquarters); *see 3123 SMB LLC v. Horn*, 880 F.3d 461, 467 (9th Cir. 2018) ("[D]iversity jurisdiction 'depends upon the state of things *at the time of the action brought.*'") (emphasis added; quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Since Defendant is incorporated in Delaware, *see* Ex. E (State of Delaware, Certificate of Amendment of Restated Certificate of Incorporation, Move, Inc.), Defendant is a citizen of both Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

12.     The minimal diversity requirement is satisfied here because Plaintiff and Defendant are citizens of different states. *See* Compl. ¶ 11; Exhibit D; Exhibit E; 28 U.S.C. § 1332(d)(2)(A) (extending jurisdiction to cases in which "any member of a class of Plaintiff is a citizen of a State different from any defendant"); *Aguilar v. Courtyard Mgmt. Corp.*, No. 13-07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (CAFA minimal diversity requirement satisfied where plaintiff was "a citizen of California—a different state than at least one defendant.").

**There Is at Least $5,000,000 in Controversy**

13.     "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

14.     To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages *could* exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

15.     In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto*

4

*Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

16. Without conceding any merit to Plaintiff' allegations, causes of action, and claims for damages, restitution, and attorneys' fees, the amount placed in controversy by Plaintiff' complaint satisfies CAFA's jurisdictional threshold.

17. Plaintiff seeks, among other remedies, statutory and punitive damages. Compl. Prayer for Relief. CIPA provides for statutory damages of $5,000 per violation. Cal. Penal Code § 637.2(a)(1). Plaintiff alleges "there are thousands of members of the Class," Compl. ¶ 43, and that each class member is seeking at least $5,000 in damages, *id.* ¶ 59. Based on these allegations, the amount in controversy easily surpasses the $5,000,000 threshold. *See* 28 U.S.C. § 1332(d).

18. Plaintiff also seeks to recover attorneys' fees. *See* Compl. Prayer for Relief. For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

19. Fee requests in consumer class actions, such as this case, are often significant. *See, e.g.*, *Troy v. Aegis Senior Communities LLC*, No. 16-3991, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, No. 09-2094, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-1027, 2020 WL 1972505, at

*30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

20.    When aggregated, Plaintiff' request for statutory damages, punitive damages, attorneys' fees, and injunctive relief readily places over $5 million in controversy.

**OTHER REQUIREMENTS FOR REMOVAL ARE MET**

21.    Venue is proper in this Court because Plaintiff filed her complaint in Los Angeles County Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also* 28 U.S.C. § 84(c) (providing that Los Angeles County is part of the Central District of California).

22.    This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. Plaintiff effected service on Defendant on July 24, 2025. *See* Ex. 2. Because 30 days after July 24, 2025, is a Saturday, this filing the next day that is not a Saturday, Sunday, or legal holiday is timely. *See* Fed. R. Civ. P. 6(a)(1)(C).

23.    No attorneys for Move have entered an appearance or filed any pleadings or other papers responding to the Complaint in the Superior Court.

24.    Pursuant to 28 U.S.C. § 1446(b), all Defendants who have been properly joined and served consent to the removal of this action.

25.    Pursuant to 28 U.S.C. § 1446(d), Move will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Los Angeles County Superior Court and serve it on all parties.

**CONCLUSION**

WHEREFORE, Move hereby removes this action to this Court on the basis of the

Court's original jurisdiction over the action under CAFA.

Dated: August 22, 2025                JENNER & BLOCK LLP


By: _____ */s/  David R. Singer*
                              David R. Singer
                              Kate T. Spelman
                              Elizabeth Baldridge

                    Attorneys for Defendant Move, Inc.

NOTICE OF REMOVAL