**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Telephone: (213) 239-5100

Kara V. Brandeisky (*admitted pro hac vice*)
kbrandeisky@jenner.com
1099 New York Avenue N.W. #900
Washington, D.C. 20001
Telephone: (202) 639-6000

Attorneys for Defendant Move, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICKI K. APAYDIN, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

MOVE, INC. d/b/a REALTOR.COM, a Delaware corporation,

Defendant.

Case No. 2:25-cv-07905-PA-AS

**DEFENDANT MOVE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Hearing Date: November 10, 2025
Hearing Time: 1:30 p.m.
Courtroom: 9A

Notice of Removal filed: August 22, 2025

Trial Date: None set

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Move, Inc. ("Move") respectfully requests that the Court take judicial notice of **Exhibit A** to the Declaration of Elizabeth Baldridge, which is a true and correct copy of relevant portions of the Meta Terms of Use, Facebook Ads Policy, and Meta Privacy Policy (together, the "Facebook Terms"). The Meta Terms of Use, which are publicly available at https://www.facebook.com/terms/, expressly link to and incorporate by reference the Facebook Ads Policy and Meta Privacy Policy, which are publicly available at facebook.com/about/ads and https://www.facebook.com/privacy/policy, respectively. Exhibit A has been annotated with yellow highlighting to indicate the relevant portions to which the Court's attention is drawn.

## II. ARGUMENT

Federal Rule of Evidence 201 instructs that a court may take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted)). Consent is a necessary element of Plaintiff's claim, and it is therefore appropriate for the Court to consider whether Plaintiff consented to the alleged conduct at issue in evaluating the merit of their claims. *Cf.*, *e.g.*, *Garcia v. Enter Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("Defendants may properly challenge Plaintiff's allegations regarding lack of consent through the instant motion to dismiss."); *Smith v. Facebook, Inc.*, 745 F. App'x, 8, 9 (9th Cir. 2018) (affirming motion to dismiss based on consent). Moreover, Plaintiff's Complaint invokes the Facebook Terms because she alleges that "[a]t all relevant times,

Plaintiff has been a Facebook account holder," while claiming at the same time that she did not consent to Meta/Facebook tracking the websites she visits. Compl. ¶¶ 34, 37.

In analyzing consent, the Court may properly take judicial notice of the Facebook Terms, which make absolutely clear that Facebook users like Plaintiff have contractually consented to online tracking and targeted advertising. *See* Ex. A at p. 001 ("***By using our Products, you agree*** that we can show you ads that we think may be relevant to you and your interests. ***We use your personal data*** to help determine which personalized ads to show you." (emphasis added)); Ex. A at p. 017 (stating that Facebook's business partners like Move might send Facebook "device information," information about "websites you visit," and "your advertising device ID" in order to "match your activities with your account"). Courts in this circuit routinely find "[p]ublicly accessible websites . . . are proper subjects of judicial notice." *CelLink Corp. v. Manaflex LLC*, No. 23-CV-04231-HSG, 2025 WL 1993517, at *3 (N.D. Cal. July 17, 2025) (citation omitted). Indeed, the court in *In re Facebook, Inc. Securities Litigation* took judicial notice of versions of Facebook's Data Policy, recognizing that the exhibits were "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned" in accordance with Fed. R. Evid. 201(b), and further recognizing that "[i]t is common for courts to take judicial notice of a company's historical privacy policies." No. 5:18-CV-01725, 2020 WL 4569443, at *18 (N.D. Cal. Aug. 7, 2020); *see also, e.g.*, *Garcia*, 78 F. Supp. 3d at 1136 (taking judicial notice of Zimride's Terms of Service and Privacy Policy); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service and Privacy Policy). The Facebook Terms that currently appear on a publicly accessible website were also operative at the time Plaintiff filed her initial complaints, are therefore properly subject to judicial notice.

## III. CONCLUSION

Move respectfully requests that this Court take judicial notice of Exhibit A and consider it when ruling on Move's Motion to Dismiss.

Dated: September 24, 2025 JENNER & BLOCK LLP

By: *\/s\/ David R. Singer*

David R. Singer
Kate T. Spelman
Elizabeth Baldridge
Kara Brandeisky

Attorneys for Defendant Move, Inc.