Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002, ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICKI K. APAYDIN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MOVE, INC. d/b/a REALTOR.COM, a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-07905 PA (ASx)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: November 10, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Notice of Removal filed: August 22, 2025<br><br>Trial Date: None Set |

# Table of Contents


Page

**I. INTRODUCTION .......... 1**

**II. LEGAL STANDARD .......... 3**

**III. ARGUMENT .......... 3**

**A. Plaintiff sufficiently alleges that Meta intercepted the contents of her communications. .......... 4**

**B. Plaintiff has adequately alleged that Defendant aided Facebook in intercepting her communications with Defendant without consent. .......... 8**

**C. Leave to amend should be granted if this Court finds deficiencies in Plaintiff's Complaint.......... 11**

**IV. CONCLUSION .......... 12**

# Table of Authorities

**Page(s)**

**Cases**

*Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*,
648 F.3d 986 (9th Cir. 2011) .......... 8

*Augustine v. Great Wolf Resorts, Inc.*,
No. 23-cv-00281-DMS-DTF, 2024 WL 3450967 (S.D. Cal. Jul. 18, 2024) .......... 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 L.Ed.2d 929 (2007) .......... 3

*Brown v. Google LLC*,
685 F. Supp. 3d 909, 935-36 (N. D. Cal. Aug. 7, 2023) .......... 7, 8

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) .......... 10

*Castillo v. Costco Wholesale Corp.*,
No. 2:23-CV-01548-JHC, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) .......... 5

*Crowley v. Bannister*,
734 F.3d 967, 977 (9th Cir. 2013) .......... 11, 12

*Doe v. United States*,
419 F.3d 1058 (9th Cir. 2005) .......... 3

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934, 941 (S.D. Cal. 2024) .......... 9

*Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*,
2021 WL 5707741, at *1, 5 (N.D. Cal. Oct. 21, 2021) .......... 10

*Gershzon v. Meta Platforms, Inc.*,
No. 23-CV-00083-SI, 2023 WL 5420234 (N.D. Cal. Aug. 22, 2023) .......... 5

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) .......... 6

*Gray v. Luxottica of America, Inc.*,
No. 8:24-cv-00160-MRA-DFM, 2024 WL 5689566 (C.D. Cal. Dec. 16, 2024) ....................2, 5, 7

*In re Facebook Biometric Info. Priv. Litigation*,
185 F. Supp. 3d 1155, 1159–1167 (N.D. Cal. 2016)....................10

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)....................5, 11

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987, 1003-04 (N.D. Cal. 2024) ....................9, 10

*In re Vizio*,
No. 8:16-ml-02693-JLS-KES, 2017 WL 11420284 (C.D. Cal. Jul. 25, 2017)...6, 7

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025, 1038 (S.D. Cal. 2024) ....................6

*Licea v. American Eagle Outfitters*,
659 F. Supp. 3d 1072, 1084–85 (C.D. Cal. 2023)....................8, 9

Lopez v. Smith,
203 F.3d 1122, 1130 (9th Cir. 2013)....................12

*Mata v. Zillow Group, Inc.*,
No. 24-cv-01095-DMS-VET, 2024 WL 5161955 (S.D. Cal. Dec. 18, 2024).2, 5, 7

*McCoy v. Alphabet, Inc.*,
No. 20-cv-05427, 2021 WL 405816, at *14 (N.D. Cal. Feb. 2, 2021) ....................6

*Meta Platforms, Inc. v. Ates*,
No. 22-cv-03918-TSH, 2023 WL 4035611, at *1, 6 (N.D. Cal. May 1, 2023) ....10

*Meta Platforms, Inc. v. Nguyen*,
No. 21-cv-05002-TSH, 2023 WL 8686924, at *1, 7 (N.D. Cal. Nov. 21, 2023)..10

*Ramos v. Gap, Inc.*,
No. 23-cv-04715, 2025 WL 2144837, at *7 (N.D. Cal. July 29, 2025)....................6

*Reddy v. Litton Indus., Inc.*,
912 F.2d 291, 296-97 (9th Cir. 1990)....................12

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) .............9

*Rosenow v. Facebook, Inc.*,
19-cv-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) .....8

*Saleh v. Nike, Inc.*,
562 F.Supp.3d 503 (C.D. Cal. 2021) .............5

*Smith v. Google, LLC*,
No. 23-CV-03527-PCP, 2024 WL 2808270 (N.D. Cal. June 3, 2024) .............5

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .............3

*U.S. v. Corinthian Colleges*,
655 F.3d 984, 995 (9th Cir. 2011) .............12

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021 .............9

*Yoon v. Meta Platforms, Inc.*,
No. 24-cv-02612, 2024 WL 5264041, at *4 (N.D. Cal. Dec. 30, 2024). ..........9, 10

**<u>Statutes</u>**

18 U.S.C. §§ 2510–2523 .............5, 9

Cal. Penal Code § 630 .............1

Cal. Penal Code § 631(a) .............1, 2, 4, 5

Cal. Penal Code §§ 630–638 .............*passim*

## I. INTRODUCTION

The California Legislature enacted the California Invasion of Privacy Act, Cal. Penal Code §§ 630 et seq. ("CIPA"), to safeguard the privacy rights of its citizens. In doing so, the Legislature explicitly acknowledged that "the development of new devices and techniques for the purpose of eavesdropping upon private communications . . . has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630. Consistent with this purpose, CIPA prohibits third parties to a communication from "willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[ing] or attempt[ing] to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state." Cal. Penal Code § 631(a). Defendant's conduct falls squarely within the type of privacy invasion the statute was designed to prevent.

Defendant Move, Inc. ("Defendant" or "Move") owns and operates Realtor.com (the "Website"), an online property listing platform which provides its Website visitors with video previews of its real estate offerings. (Class Action Complaint, "Complaint" or "Compl.," Dkt. 1-1, ¶¶ 2–3, 18.) Unbeknownst to its Website visitors, Defendant installed and incorporated third-party tracking technologies, including the Meta Pixel, into its Website. (*Id*. at ¶¶ 4, 21.) The Meta Pixel, once integrated, tracks actions Website visitors take on the Website and disseminates that information to Facebook so that whenever visitors request specific video content, the title of the specific video requested is intercepted by Meta in the form of a URL request. (*Id*. at ¶¶ 21–25.) Defendant's implementation of the Meta Pixel contributes to both its own ability, and Facebook's ability, to target specific users with tailored advertisements based on their viewing history and website activity, increasing their advertising presence. (*Id*. at ¶¶ 5, 57.)

Plaintiff Nicki K. Apaydin is one of Defendant's Website visitors who accessed the Realtor.com Website on several occasions within the past year to view video content. (Compl., ¶¶ 32, 35.) Each time Plaintiff viewed video content on Defendant's Website, Defendant aided and abetted through the implementation of the Meta Pixel the illicit interception and disclosure of the contents of her electronic communications in the form of the specific video titles that she requested. (*Id*. at ¶ 36.) Plaintiff never specifically and separately consented to, or authorized Defendant to aid in, the interception and disclosure of the contents of her electronic communications. (*Id*. at ¶ 37.) Thus, by its actions, Defendant has intentionally and knowingly violated the privacy rights of Plaintiff and the members of the Class.

Rather than respect its Website visitors' privacy rights, Defendant prioritized its own financial gain, violating CIPA in the process. Now, instead of accepting responsibility for its illicit conduct and making amends with the Class, Defendant has filed its Motion to Dismiss (Motion to Dismiss or "Motion," Dkt. 14) in an attempt to circumvent liability by advancing several meritless arguments which have already been rejected by multiple courts within this District and other sister courts within the Ninth Circuit. As detailed below, Defendant overlooks Plaintiff's well-pled allegations, as well as caselaw finding those allegations sufficient to maintain her claim. Indeed, numerous courts have denied similar motions to dismiss in cases involving the same, or similar technology, particularly in cases involving a defendant's implementation of the Meta Pixel on its website. *See e.g.*, *Gray v. Luxottica of America, Inc.*, No. 24-cv-00160, 2024 WL 5689566, at *7–8 (C.D. Cal. Dec. 16, 2024) (upholding the plaintiff's § 631(a) claim where the defendant implemented the Meta Pixel on its website to intercept its website visitors' electronic communications); *Mata v. Zillow Group, Inc.*, No. 24-cv-01095, 2024 WL 5161955, at *7 (S.D. Cal. Dec. 18, 2024) (same). This Court should follow suit and deny Defendant's Motion to Dismiss in its entirety.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, L.Ed.2d 929 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. ARGUMENT

CIPA punishes any person:

> who, by means of any machine, instrument, or contrivance, or in any other manner, [1] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit

> or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [3] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [4] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section[.]

Cal. Penal Code § 631(a). While Defendant argues that Plaintiff fails to state a claim under any part of this provision, Plaintiff specifically asserts that the Meta Pixel violated the second clause of § 631(a) (Compl., ¶ 56), and that Defendant may be held liable as an aider and abettor under the fourth clause of § 631(a) (*Id*. at ¶ 57)..[1] Therefore, as discussed in further detail below, Defendant's Motion to Dismiss must be denied in its entirety.

### A. Plaintiff sufficiently alleges that Meta intercepted the contents of her communications.

Defendant contends that Plaintiff's Complaint does not allege a violation of § 631(a) because Plaintiff "fails to allege that the Meta Pixel intercepts the 'contents' of any communication that CIPA protects, as required to state a claim under Clause Two." (Motion, at 13.) According to Defendant, Plaintiff's specific video request information transmitted through the Meta Pixel merely amounts to "record

[1] As an initial matter, Defendant first argues that it cannot be held liable under the first three clauses of § 631(a) as a party to the communication. (Motion, at 6, 7.) However, Plaintiff brings her CIPA claim under the *fourth* clause of § 631(a), which imposes liability on any person "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done *any* of the acts or things mentioned" in clauses one through three. Cal. Penal Code § 631(a) (emphasis added). Therefore, as Plaintiff is proceeding under the theory that Defendant violated the fourth clause, by aiding Meta to a predicate violation of the second clause of CIPA, Defendant's argument that it is not a party to the communication is irrelevant. Furthermore, because Plaintiff is proceeding with the above theory of liability, Defendant's contention that the first clause of § 631(a) does not apply to internet communications is irrelevant and moot. (Motion, at 12–13.)

information." (Motion at 14.) Defendant is wrong.

First, courts have consistently upheld both federal Wiretap Act and CIPA § 631(a) claims involving the Meta Pixel or similar pixel technology, finding that such technology transmits "contents of communications" and not just "record information." *See e.g., Saleh v. Nike, Inc.*, 562 F.Supp.3d 503, 517 (C.D. Cal. 2021) ("The analysis for a violation of [CIPA] ... is the same as that under the federal Wiretap Act"); *Mata*, 2024 WL 5161955, at *5 (finding that the plaintiff's specific video request information transmitted through the Meta Pixel amounts to content because it concerns the substance of the plaintiff's communications with the defendant); *Gray*, 2024 5689566, at *6–7 (finding that the Meta Pixel transmitting URL and basic metadata through a PageView event including personal search queries plausibly conveyed contents); *Castillo v. Costco Wholesale Corp*., No. 23-cv-01548, 2024 WL 4785136, at *4 (W.D. Wash. Nov. 14, 2024) (finding that the plaintiffs' search information transmitted to Meta constitutes "contents" of a communication under the Wiretap Act and CIPA); *Smith v. Google, LLC*, No. 23-cv-03527, 2024 WL 2808270, at *5 (N.D. Cal. June 3, 2024) (sustaining CIPA claim because the complaint alleged "the kinds of information that the [pixel technology] would have been able to transmit, and it alleges the mechanism for transmission"); *Gershzon v. Meta Platforms, Inc*., No. 23-cv-00083, 2023 WL 5420234, at *13 (N.D. Cal. Aug. 22, 2023) (same); *In re Meta Pixel Healthcare Litig*., 647 F. Supp. 3d 778, 795, 798 (N.D. Cal. 2022) (sustaining Wiretap Act and CIPA claims where plaintiffs "put forward evidence that Meta receives information through the Pixel" and the information transmitted to Meta by its Pixel would "not merely reveal the name of a Facebook user or group").

In contrast, Defendant's cited authorities are inapposite as they contemplate the collection of non-content information, such as routine identifiers and record information, collected by different technologies than the Meta Pixel. *See Ramos v.*

*Gap, Inc.*, No. 23-cv-04715, 2025 WL 2144837, at *5 (N.D. Cal. July 29, 2025) (dismissing complaint where plaintiff only offered his assertion that clicking on URLs in marketing emails, which merely directed him to the defendant's website, was a communication); *Jones v. Tonal Sys., Inc.,* 751 F. Supp. 3d 1025, 1038 (S.D. Cal. 2024) (dismissing complaint where the plaintiff's *engagement* with a chat feature contained no more than just record information); *Augustine v. Great Wolf Resorts, Inc.*, No. 23-cv-00281, 2024 WL 3450967, at *6 (S.D. Cal. Jul. 18, 2024) (dismissing complaint where plaintiff failed to allege that she "in any way intended to convey a message to [defendant]"); *McCoy v. Alphabet, Inc.*, No. 20-cv-05427, 2021 WL 405816, at *14 (N.D. Cal. Feb. 2, 2021) (when and how often users opened and ran phone applications and the time spent on those applications are more akin to log in activities, not contents of a communication.); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (plaintiffs granted leave to amend to delineate content from non-content records).

In making its argument, Defendant dismisses Plaintiff's allegations regarding what contents were disclosed as mere "record information" (Motion at 14), but Defendant fails to acknowledge that Plaintiff alleges Defendant disclosed her *specific video requests*. Of course, it is clear why Defendant fails to acknowledge the allegations of the disclosure of specific video requests: such content has been deemed sufficient to maintain a CIPA claim. *See In re Vizio*, No. 8:16-ml-02693-JLS-KES, 2017 WL 11420284, at *6 (C.D. Cal. Jul. 25, 2017) (holding that software that automatically sends information about programming displayed on a TV intercepts "contents" of a communication because the " 'intended message conveyed by the communication' is the program that the consumer is watching[]") (quoting *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014). Here, Plaintiff plainly alleges that she "has used Defendant's Website to view . . . video materials" and that upon doing so, Defendant "aided and abetted in the interception of … her [video]

viewing history." (Compl., ¶¶ 35–36.) Plaintiff further alleges that, per the Meta Pixel, Facebook receives the contents of her communications with Defendant in the form of the specific video content she requested. (*Id*. at ¶¶ 19, 21–25.) Per *In re Vizio*, the specific video requested is the content of the message between Plaintiff and Defendant. 2017 WL 11420284, at *6. Other courts agree.

The *Mata* case is particularly instructive, as the claims and fact pattern at issue there were nearly identical to those at issue here*, i.e.* that the defendant disclosed specific property video request information through its implementation of the Meta Pixel in violation of CIPA. In *Mata*, the plaintiff alleged that Facebook, through defendant's implementation of the Meta Pixel on its apartment rental website, obtained information about which specific video tours the plaintiff requested. 2024 WL 5161955, at *5. The court concluded that this information being transmitted to Meta amounts to "content" because it "concern[s] the substance of the [p]laintiff's communications with [d]efendant." *Id*.

Similarly, the *Gray* court – in another case from this District – held that when the transmitted URL contains identifiable terms that reveal the nature of the communication between plaintiff and defendant, the transmitted URL contains contents of the communication. *Gray*, 2024 WL 5689566, at *7 ("The PageView event generated by Meta Pixel contains a full-string, detailed URL with the terms… the [c]ourt finds that [p]laintiff has 'plausibly conveyed contents.'") Here, Defendant disingenuously suggests that the URLs intercepted by the Meta Pixel merely show the website addresses Plaintiff visited and her Facebook user ID. (Motion, at 14.) In reality, Plaintiff's allegations detail that, within those URLs, the Meta Pixel captured the specific video property previews that she requested to view on Defendant's Website, which are unequivocally – and as found by *Mata* and *Gray* – the *contents* of her communications with Defendant. (Compl., ¶¶ 25, 36.); *see also Brown v. Google LLC*, 685 F. Supp. 3d 909, 935-36 (N. D. Cal. Aug. 7, 2023) (reasoning web addresses

that reveal general private browsing data constitute "contents"). At this stage of the litigation, Plaintiff's allegations are sufficient to plausibly infer the contents of her communications with Defendant were intercepted by the Meta Pixel and transmitted to Facebook. *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) ("'When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.' The court draws all reasonable inferences in favor of the plaintiff[]") (internal citations omitted).

**B. Plaintiff has adequately alleged that Defendant aided Facebook in intercepting her communications with Defendant without consent.**

Tellingly, Defendant does not contend that it independently obtained Plaintiff's consent to aid in the interception of her communications with its Website. Defendant could have easily designed its Website to require visitors to consent to its data practices before allowing access but chose not to do so. Instead, Defendant now attempts to rely on Facebook's own terms and conditions, advancing two primary arguments as to why it did not aid Facebook in intercepting Plaintiff's communications without consent. The first argument addresses Plaintiff's pleadings, the second is a factual inquiry. Both arguments fail.

First, Defendant argues that Plaintiff was required to affirmatively plead that Facebook (an unnamed third party) lacked consent to intercept her communications with Defendant. This fictional pleading standard regarding the need for a plaintiff to affirmatively and specifically allege a lack of third-party consent is speculative and not supported by Defendant's inapposite caselaw that discusses the pleading requirements for *other elements* of a CIPA claim. (*See* Motion at 10) (citing *Licea v. American Eagle Outfitters*, 659 F. Supp. 3d 1072, 1084–85 (C.D. Cal. 2023) (discussing the "interception while in transit" element); *Rosenow v. Facebook, Inc.*, 19-cv-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020)

(dismissing Wiretap Act claims for failing to allege sufficient facts about the "interception" element); *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (same)).

In fact, Defendant's own cited authority demonstrates that, with respect to the consent element, Plaintiff need only allege that she did not consent to the conduct at issue. *Licea*, 659 F. Supp. 3d at 1081 ("[p]laintiff sufficiently pleads that he did not consent to the recording of [his] conversations with [d]efendant") (citing *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021) (finding that plaintiffs pleading that stated she did not consent to recording was sufficiently pled to overcome a 12(b)(6) motion)). Accordingly, Plaintiff's allegations that she never consented to Defendant's interception of her electronic communications clearly satisfies her pleading burden. (Compl., ¶¶ 19, 28, 37); *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 941 (S.D. Cal. 2024) ("[t]hat is sufficient at this stage").

Second, Defendant argues that Plaintiff's CIPA claim fails as a matter of fact because she consented to Facebook "collect[ing] [her] off-Facebook website activity." (Motion at 11–12.) As a threshold matter, whether Plaintiff is bound by an unnamed third-party's terms is a question of fact inappropriate for resolution on a motion to dismiss. *See In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1003–04 (N.D. Cal. 2024). And, as discussed above, Plaintiff's allegations that she never consented to the interception of the contents of her electronic communications form the only basis necessary for the Court to reject this argument. As the court succinctly held in *Yoon v. Meta Platforms, Inc.*:

> "Defendant reasons that because Plaintiffs consented to Defendant's policies…when they signed up for a Facebook account and used Meta's services, and those policies adequately disclose that it would collect data from third-party sites for advertising purposes, Plaintiffs' consent of its policies equated to also consenting to the sharing of their video viewing data. The Court finds that this argument fails because it cannot determine at this stage that Plaintiffs consented to Defendant's policies."

*Yoon*, No. 24-cv-02612, 2024 WL 5264041, at *4 (N.D. Cal. Dec. 30, 2024). Thus, Defendant's attempt to prematurely resolve this issue at the pleadings stage should be similarly rejected. Despite the abundance of Facebook and Meta Pixel related litigation throughout the country, conspicuously absent from Defendant's brief is any authority where a court dismissed a case at the motion to dismiss stage based on the third-party Facebook's consent language. For example, Defendant cites in *In re Facebook Biometric Info. Priv. Litigation*, where the court converted the issue of whether the plaintiffs assented to Facebook's user agreement into a summary judgment proceeding, and only ruled on this issue after an evidentiary hearing on the contract formation dispute. 185 F. Supp. 3d 1155, 1159–1167 (N.D. Cal. 2016). *See also Meta Platforms, Inc. v. Nguyen*, No. 21-cv-05002-TSH, 2023 WL 8686924, at *1, 7 (N.D. Cal. Nov. 21, 2023) (entering default judgment against foreign *defendants* who never appeared in the case). *See also Meta Platforms, Inc. v. Ates*, No. 22-cv-03918-TSH, 2023 WL 4035611, at *1, 6 (N.D. Cal. May 1, 2023) (same); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2021 WL 5707741, at *1, 5 (N.D. Cal. Oct. 21, 2021) (same).

Furthermore, courts are strict when interpreting terms and conditions like Facebook's and consistently hold that generalized, nonspecific disclosures are insufficient to establish consent. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) ("The disclosures must have only one plausible interpretation for a finding of consent. If a reasonable . . . user could have plausibly interpreted the contract language as not disclosing that the defendant would engage in particular conduct, then the defendant cannot obtain dismissal of a claim about that conduct") (internal citations omitted); *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1003-04 (N.D. Cal. 2024) ("the Court cannot determine at the 12(b)(6) stage that plaintiffs consented to Facebook collecting sensitive . . . data simply because the complaint mentions that Meta has certain agreements in place (without conceding

assent) and because Meta believes that these agreements adequately disclose the collection practices at issue"); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 793 (N.D. Cal. 2022) ("generalized notice is not sufficient to establish consent.") As such, at this stage of litigation it would be inappropriate to determine if Defendant's terms authorized Facebook to intercept statutorily protected information from Plaintiff where she has plainly alleged that she did not consent to such interceptions.

Even assuming *arguendo* that Plaintiff assented to Facebook's terms (she did not), such terms do not disclose that Facebook would engage in the particular conduct at issue. That is, nothing in Facebook's terms specify that it is authorized to covertly intercept specific video viewing information as alleged in Plaintiff's Complaint. And while the terms cited by Defendant (Motion at 11) *may* allow Facebook to receive certain record information that is inactionable under CIPA, such information does not form the basis of Plaintiff's claims. Therefore, while Plaintiff should not be forced to prematurely contest this fact-intensive inquiry regarding the scope of Facebook's authorized conduct, such argument fails nonetheless.

### C. Leave to amend should be granted if this Court finds deficiencies in Plaintiff's Complaint.

Defendant asserts that, to the extent the Court grants its Motion, Plaintiff should be denied leave to amend her Complaint because any amendment by Plaintiff would be futile. (Motion at 16.) However, as set forth in detail above, Defendant raises several meritless arguments that do not warranty dismissal at this stage of the litigation. Nonetheless, Should the Court grant Defendant's Motion in whole or in part, Plaintiff requests that any such dismissal be made without prejudice to provide Plaintiff with an opportunity to correct any curable defects in her pleading. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) ("[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (quoting Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2013)). *See also U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint" (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety.

DATED: October 15, 2025

Respectfully submitted,

NICKI K. APAYDIN, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorney for Plaintiff and the Putative Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff certifies that this brief contains 3768 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 15, 2025

/s/ *Eugene Y. Turin*
Eugene Y. Turin