**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Telephone: (213) 239-5100

Kara V. Brandeisky (*admitted pro hac vice*)
kbrandeisky@jenner.com
1099 New York Avenue N.W. #900
Washington, D.C. 20001
Telephone: (202) 639-6000

Attorneys for Defendant Move, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICKI K. APAYDIN, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

MOVE, INC. d/b/a REALTOR.COM, a Delaware corporation,

Defendant.

Case No. 2:25-cv-07905-PA-AS

**DEFENDANT MOVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Notice of Removal filed: August 22, 2025

Trial Date: October 27, 2026

**ANSWER**

Defendant Move, Inc. ("Move") hereby answers the Complaint of Plaintiff Nicki K. Apaydin ("Plaintiff") as follows:

Except as otherwise expressly stated herein, Move denies each and every allegation contained in the Complaint. Move states that the headings, subheadings, and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Move denies the allegations in all headings, subheadings, and footnotes of the Complaint. Move expressly reserves the right to amend or supplement its Answer as may be necessary.

As to the paragraph prior to the start of the numbered paragraphs in Plaintiff's Complaint, Move admits that Plaintiff has brought this Complaint as a putative class action, and denies the remaining allegations.

* * *

1. In answer to paragraph 1 of the Complaint, which consists of a legal conclusion, no response is required.

2. In answer to paragraph 2 of the Complaint, Move admits that it operates Realtor.com, which attracts at least tens of millions of unique visitors each month. Move further admits that paragraph 2's footnote citation to https://www.realtor.com/advertise/ is a page of Realtor.com. Move denies each and every one of the remaining allegations.

3. In answer to paragraph 3 of the Complaint, Move admits that videos are publicly available to view on Realtor.com, including videos allowing website visitors to preview real estate.

4. In answer to paragraph 4 of the Complaint, Move admits that it uses certain third-party business tools, including Pixels, that allow Move to collect information to enhance Realtor.com visitors' online experience. Move denies each and every one of the remaining allegations.

5. In answer to paragraph 5 of the Complaint, Move denies each and every allegation contained therein.

6. In answer to paragraph 6 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

7. In answer to paragraph 7 of the Complaint, which consists of a legal conclusion, no response is required.

8. In answer to paragraph 8 of the Complaint, which consists of a legal conclusion, no response is required.

9. In answer to paragraph 9 of the Complaint, which consists of a legal conclusion, no response is required.

10. In answer to paragraph 10 of the Complaint, which consists of a legal conclusion, no response is required.

11. In answer to paragraph 11 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 11.

12. In answer to paragraph 12 of the Complaint, Move admits that it is organized as a corporation. Move denies each and every one of the remaining allegations.

13. In answer to paragraph 13 of the Complaint, which consists of a legal conclusion, no response is required.

14. In answer to paragraph 14 of the Complaint, which consists of a legal conclusion, no response is required.

15. In answer to paragraph 15 of the Complaint, which recites portions of the California Invasion of Privacy Act (“CIPA”), Move responds that the statute speaks for itself.

16. In answer to paragraph 16 of the Complaint, which recites portions of CIPA, Move responds that the statute speaks for itself.

17. In answer to paragraph 17 of the Complaint, which recites portions of CIPA, Move responds that the statute speaks for itself.

18. In answer to paragraph 18 of the Complaint, Move admits that it owns and operates the real estate listings website Realtor.com, an online property listing platform. Move further admits that video content is publicly available on Realtor.com, including videos allowing website visitors to take virtual tours of real estate listings. Move denies each and every one of the remaining allegations.

19. In answer to paragraph 19 of the Complaint, Move denies each and every allegation contained therein.

20. In answer to paragraph 20 of the Complaint, Move denies each and every allegation contained therein.

21. In answer to paragraph 21 of the Complaint, Move denies each and every allegation contained therein.

22. In answer to paragraph 22 of the Complaint, Move admits that the Meta Pixel is a piece of code that can be used on websites. Move denies each and every one of the remaining allegations.

23. In answer to paragraph 23 of the Complaint, Move denies that when a Facebook user interacts with Realtor.com, the Meta Pixel intercepts that Facebook user's interactions and FID causing the user's identity and electronic communication to be transmitted to Facebook. Move is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 23, and on that basis denies them.

24. In answer to paragraph 24 of the Complaint, Move denies each and every allegation contained therein.

25. In answer to paragraph 25 of the Complaint, Move denies each and every allegation contained therein.

26. In answer to paragraph 26 of the Complaint, Move admits that the language quoted from https://www.realtor.com/about/cookie-notice.php speaks for itself. Move denies each and every one of the remaining allegations.

27. In answer to paragraph 27 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

28. In answer to paragraph 28 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

29. In answer to paragraph 29 of the Complaint, Move is without sufficient knowledge or information to form a belief as to what visitors to Realtor.com "expect." Move denies each and every one of the remaining allegations.

30. In answer to paragraph 30 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

31. In answer to paragraph 31 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

32. In answer to paragraph 32 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 32.

33. In answer to paragraph 33 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 33.

34. In answer to paragraph 34 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 34.

35. In answer to paragraph 35 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 35.

36. In answer to paragraph 36 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations concerning Plaintiff's activities, and on that basis denies them. As to the remaining allegations of paragraph 36, which consist of legal conclusions, no response is required.

37. In answer to paragraph 37 of the Complaint, Move denies each and every allegation contained therein.

38. In answer to paragraph 38 of the Complaint, Move denies each and every allegation contained therein.

39. In answer to paragraph 39 of the Complaint, Move denies each and every allegation contained therein.

40. In answer to paragraph 40 of the Complaint, Move denies each and every allegation contained therein.

41. In answer to paragraph 41 of the Complaint, which consists of legal conclusions and Plaintiff's putative class definition, no response is required.

42. In answer to paragraph 42 of the Complaint, which states the individuals whom Plaintiff excludes from the putative class, no response is required.

43. In answer to paragraph 43 of the Complaint, Move is without sufficient knowledge or information to form a belief as to the allegations contained therein, and on that basis denies all allegations of paragraph 43.

44. In answer to paragraph 44 of the Complaint, Move denies each and every allegation contained therein.

45. In answer to paragraph 45 of the Complaint, which consists of legal conclusions, no response is required.

46. In answer to paragraph 46 of the Complaint, the allegations concerning common questions of law and fact consist of legal conclusions to which no response is required. Move denies each and every one of the remaining allegations.

47. In answer to paragraph 47 of the Complaint, which consists of legal conclusions, no response is required.

48. In answer to paragraph 48 of the Complaint, which consists of legal conclusions, no response is required.

49. In answer to paragraph 49 of the Complaint, Move denies each and every allegation contained therein. Move further notes that the allegations of paragraph 49 directly contradict other allegations in Plaintiff's Complaint, including but not limited to paragraph 26.

50. In answer to paragraph 50 of the Complaint, which consists of legal conclusions, no response is required.

51. In answer to paragraph 51 of the Complaint, which consists of legal conclusions, no response is required.

52. In answer to paragraph 52 of the Complaint, Move realleges and reincorporates the preceding paragraphs of its Answer as if fully set forth herein.

53. In answer to paragraph 53 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

54. In answer to paragraph 54 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

55. In answer to paragraph 55 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

56. In answer to paragraph 56 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

57. In answer to paragraph 57 of the Complaint, as to the allegations which contain a legal conclusion, no response is required. Move denies each and every one of the remaining allegations.

58. In answer to paragraph 58 of the Complaint, Move denies Plaintiff's allegation that she did not consent to the activity alleged in the Complaint. As to the remaining allegations of paragraph 58, which consist of legal conclusions, no response is required.

59. In answer to paragraph 59 of the Complaint, which consists of legal conclusions, no response is required.

* * *

Plaintiff's Prayer for Relief consists of a summary of the relief sought in this action, to which no response is required. To the extent a response is required, Move denies that Plaintiff is entitled to any of the relief sought in her Prayer for Relief and prays that Plaintiff takes nothing by way of her Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Move sets forth the following affirmative defenses. By enumerating the subjects below as affirmative defenses, Move does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiff's claim to which she bears the burden of proof. Move does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

### First Affirmative Defense

### (Failure to State a Claim for Relief)

1. Plaintiff's purported claim for relief in the Complaint fails to state facts sufficient to constitute a cause of action against Move.

**Second Affirmative Defense**

**(No Injury)**

2. Plaintiff and the putative class have sustained no injury or damages by reason of any act of Move.

**Third Affirmative Defense**

**(Failure to Mitigate)**

3. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Plaintiff and the putative class have failed to mitigate their damages (if any) and, therefore, any recovery (if any) must be reduced or barred.

**Fourth Affirmative Defense**

**(Conformance with Laws)**

4. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Move's conduct conformed to all applicable laws, regulations, and industry standards.

**Fifth Affirmative Defense**

**(Consent)**

5. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Plaintiff and the putative class expressly or impliedly consented to the actions of Move alleged in the Complaint.

**Sixth Affirmative Defense**

**(Unjust and Excessive Statutory Damages)**

6. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because the damages sought against Move would be unjust, arbitrary, oppressive, or confiscatory in light of the nature of the alleged conduct. To the extent this suit is maintained as a class action, damages awarded pursuant to Section 637.2(a) would be unjust and excessive—including in violation of the Eight Amendment to the U.S. Constitution—because they are unrelated to and disproportionate to the actual harm (if any) that Plaintiff and the putative class purportedly incurred.

**Seventh Affirmative Defense**

**(Void for Vagueness)**

7. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because the statute under which Plaintiff brings her claim is unconstitutionally vague.

**Eighth Affirmative Defense**

**(Rule of Lenity)**

8. The provisions of California Penal Code, Section 630 *et seq.*, are ambiguous and because they are penal statutes, the rule of lenity requires that ambiguity be resolved in favor of Move.

**Ninth Affirmative Defense**

**(Waiver / Estoppel)**

9. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part by the doctrine or waiver or estoppel.

**Tenth Affirmative Defense**

**(Unjust Enrichment)**

10. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Plaintiff and the putative class would be unjustly enriched if permitted to recover as requested because, if the suit is maintained as a class action, damages awarded pursuant to Section 632.7(a) would be unjust and excessive as unrelated to and disproportionate to any actual harm suffered and instead amount to an unwarranted windfall.

**Eleventh Affirmative Defense**

**(Good Faith)**

11. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Move acted in good faith at all times. To the extent the asserted claims impute conduct of a third party to Move, or Move is alleged to have aided and abetted a third party, Move did not do so knowingly, with intent, or to obtain any benefit.

**Twelfth Affirmative Defense**

**(Party to Communication)**

12. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Move was a party to any and all communications at issue and therefore no actionable "interception" occurred.

**Thirteenth Affirmative Defense**

**(Implied Release)**

13. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part to the extent Plaintiff and the putative class continued to access the subject website, and take advantage of the benefits and services provided thereon, after becoming aware of their claims as alleged, constituting and implied release of those claims.

**Fourteenth Affirmative Defense**

**(Assumption of Risk)**

14. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Plaintiff and the Putative Class assumed the risk of any information about their web browsing being shared with third parties by voluntarily accessing the subject website and using internet-based services.

**Fifteenth Affirmative Defense**

**(Manufactured Legal Claim)**

15. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because any alleged injury was voluntarily incurred for the purpose of manufacturing a legal claim.

**Sixteenth Affirmative Defense**

**(Terms and Conditions)**

16. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part by applicable provisions of Move's terms of use to which Plaintiff and the putative class consented.

**Seventeenth Affirmative Defense**

**(Affirmative Defenses Against Putative Class Members)**

17. If the Court certifies a class in this action, Move, asserts each affirmative defense set forth herein against each and every member of the certified class.

**Eighteenth Affirmative Defense**

**(Lack of Intent/Willfulness)**

18. The Complaint, and Plaintiff's cause of action alleged therein, is barred in whole or in part because Move did not act willfully or with intent to aid and abet any violation of law.

**Nineteenth Affirmative Defense**

**(Agreement to Arbitrate)**

19. As to the putative class, this action is not properly before this Court because some or all of the class members have agreed to arbitrate their claims pursuant to Move's terms of use.

**RESERVATION OF RIGHTS**

Move expressly reserves the right to supplement, amend, or otherwise modify these affirmative defenses as appropriate based on information obtained during this litigation.

**Prayer**

WHEREFORE, having fully answered Plaintiff's Complaint, Move respectfully prays as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That judgment be entered in favor of Move, and against Plaintiff, on the Complaint as a whole;

3. That Move be awarded costs of suit, including attorneys' fees and expert fees, as may be proper under applicable statutes; and

4. That the Court may award such other relief as the Court may deem appropriate.

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Move hereby demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Dated: November 10, 2025 JENNER & BLOCK LLP

By: *\/s/ David R. Singer*
David R. Singer
Kate T. Spelman
Elizabeth Baldridge
Kara Brandeisky

Attorneys for Defendant Move, Inc.